

U.S. Department of Justice

CHANNING D. PHILLIPS
Acting United States Attorney

*District of Columbia*

---

*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D.C. 20530*

April 14, 2021

Dani Jahn
Assistant Federal Public Defender
Office of the Public Defendant
Washington, D.C. 20004

      Re:    *United States v. Jackson Kostolsky*
                Case No. 21-CR-197 DLF

Dear Counsel:

    I am sending additional informal discovery set 4 via USAFX:

Serial 1: tip
Serial 4: interview with defendant's mother
Serial 5:  interview of defendant
Serial 12: Interview of a witness
Serial 17; 17_1A_0013_001:  Defendant's arrest and statement
Serial 26: interview of Golden
Serial 28: interview of Flowers
Serial 31 and Serial 34:  Interviews of Fontanez

**Cell Phone Warrant documents**:
Serial 8_1A_006_001 Signed cell phone SW EDPA
Serial 11_1A_009_001 cell phone SW return with attachment A
Kostolsky Phone SW_001_EDPA must unseal first

NY Times picture with Certificate of authenticity from Custodian of Records

    Due to the extraordinary nature of the January 6, 2021 Capitol Attack, the government anticipates that a large volume of materials may contain information relevant to this prosecution. These materials may include, but are not limited to, surveillance video, statements of similarly situated defendants, forensic searches of electronic devices and social media accounts of similarly situated defendants, and citizen tips.   The government is working to develop a system

that will facilitate access to these materials.  In the meantime, please let me know if there are any categories of information that you believe are particularly relevant to your client.

The discovery is unencrypted. Please contact me if you have any issues accessing the information, and to confer regarding pretrial discovery as provided in Fed. R. Crim. P. 16.1.

Additional materials will be provided after the entry of a Protective Order in this case.

I recognize the government's discovery obligations under *Brady v. Maryland*, 373 U.S. 83 (1963), its progeny, and Rule 16.  I will provide timely disclosure if any such material comes to light.  Consistent with *Giglio*, *Ruiz*, and 18 U.S.C. § 3500, I will provide information about government witnesses prior to trial and in compliance with the court's trial management order.

I request reciprocal discovery to the fullest extent provided by Rule 16 of the Federal Rules of Criminal Procedure, including results or reports of any physical or mental examinations, or scientific tests or experiments, and any expert witness summaries.  I also request that defendant(s) disclose prior statements of any witnesses defendant(s) intends to call to testify at any hearing or trial.  *See* Fed. R. Crim. P. 26.2; *United States v. Nobles*, 422 U.S. 255 (1975).  I request that such material be provided on the same basis upon which the government will provide defendant(s) with materials relating to government witnesses.

Additionally, pursuant to Federal Rules of Criminal Procedure 12.1, 12.2, and 12.3, I request that defendant(s) provide the government with the appropriate written notice if defendant(s) plans to use one of the defenses referenced in those rules.  Please provide any notice within the time period required by the Rules or allowed by the Court for the filing of any pretrial motions.

I will forward additional discovery as it becomes available.  If you have any questions, please feel free to contact me.

Sincerely,

/s/ *Mona Lee M. Furst*
Mona Lee M. Furst
Assistant United States Attorney

Enclosure(s)
cc: